UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEFFREY JOEL JUDY, )
an individual, )
)  CASE NO.: 8:23-cv-2275
       Plaintiff, )
vs. )
)
TALCA CORP., )
a Florida Corporation, )
)
       Defendant. )
_____)

**COMPLAINT**
**(INJUNCTIVE RELIEF DEMANDED)**

Plaintiff, JEFFREY JOEL JUDY, by and through his undersigned counsel, hereby files this Complaint and sues TALCA CORP., a Florida Corporation, for injunctive relief, attorneys' fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and alleges:

**JURISDICTION AND PARTIES**

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and the Local Rules of the United States District Court for the Middle District of Florida.

3. Plaintiff, JEFFREY JOEL JUDY, (hereinafter referred to as "Mr. Judy") is a resident of the State of Florida in Lee County.

1

4. Plaintiff was injured in a motorcycle accident and is paralyzed from the waist down. Additionally, Plaintiff is a double leg amputee. Due to his injuries, Mr. Judy is a T8-T9 paraplegic and uses a wheelchair for his primary means of mobility.

5. Due to the disability, Plaintiff is substantially impaired in several major life activities including walking, standing and bending and requires a wheelchair for mobility.

6. Defendant, TALCA CORP., a Florida Corporation, (hereinafter referred to as "Defendant") is the owner of the subject Property which includes an Applebee's Grill & Bar restaurant. Upon information and belief, Defendant is the owner of the real property and improvements, which is the subject of this action, to wit: Applebee's Grill & Bar, generally located at 5550 Fruitville Rd, Sarasota, FL 34232 (the "Property"). Defendant is responsible for complying with the obligations of the ADA.

7. All events giving rise to this lawsuit occurred in the Middle District of Florida, in Sarasota County, Florida.

## COUNT I - VIOLATION OF TITLE III OF THE
## AMERICANS WITH DISABILITIES ACT

8. Plaintiff realleges and reavers the preceding paragraphs as if they were expressly restated herein.

9. The Property, which includes a restaurant known as Applebee's Grill & Bar, is a place of public accommodation subject to the ADA.

10. Plaintiff has visited the Property discussed herein several times over the last year and plans to visit again in the near future. The Property is located in close proximity to medical offices that Plaintiff regularly visits. Plaintiff most recently visited the Defendant's Property in early October, 2023.

11.     During his visits, Plaintiff encountered serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers discussed in this Complaint. Moreover, but for the inaccessible condition of the Property, Plaintiff would visit more often because of its convenient location and because he enjoys the food and atmosphere of the restaurant.

12.     However, due to the barriers, Plaintiff has been unable to, and continues to be unable to, enjoy full and equal access to goods and services offered at the Property, owned by Defendant.

13.     Plaintiff desires to visit the Property but fears that he will be subjected to the same architectural barriers which remain at the Property in violation of the ADA.

14.     Defendant is in violation of 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. § 36.304 *et seq.* and is discriminating against Plaintiff due to, but not limited to, the following barriers to access which Plaintiff personally encountered and which hindered his access:

   A.     Plaintiff personally encountered inaccessible parking designated for disabled use near the entrance of the Property due to large built-up curb ramps which protrude into the access aisle of all four (4) of the ADA parking spaces. This causes slopes well in excess of 1:48 within the ADA parking spaces and/or access aisles. These conditions were a dangerous falling hazard for the Plaintiff as he attempted to park and load into and out of his vehicle on the sloped and obstructed ground surface.

   B.     Plaintiff personally encountered inaccessible curb ramps serving the entrance to the Property (same ramps as noted above) due to excessive slopes which fail to provide a smooth transition and very steep side flare slopes. These conditions presented dangerous falling hazards for the Plaintiff as he attempted to maneuver onto the sidewalk via these ramps.

    C. Plaintiff personally encountered an inaccessible restroom at the Property due to inadequate toilet stall floor space, obstructions blocking the stall door such as a large garbage can, high mirror height and toilet paper and paper towel dispensers mounted out of reach range for wheelchair use. These conditions made it more difficult for Plaintiff to use the facilities during his visits.

15. To date, the barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.[1]

16. Independent of his intent to return as a patron because he enjoys the restaurant located there, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

17. Removal of the barriers to access located on the Property is readily achievable, structurally feasible, and easily accomplishable without placing an undue burden on Defendant.

18. Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

19. Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action.  Plaintiff is entitled to have his reasonable attorneys' fees, costs, and expenses paid by Defendant pursuant to 42 U.S.C. § 12205.

WHEREFORE, Plaintiff demands judgment against Defendant and requests the following injunctive and declaratory relief:

---

[1] This Property was previously the subject of a similar ADA barriers to access lawsuit brought by an unrelated plaintiff against a previous owner of the Property.  *See De Palo v. Broadstone APLB Sarasota, LLC*, 8:12-cv-02620-JDW-TBM (M.D.Fla. 2012).  However, despite this 2012 suit, the Property either has not been fully repaired and/or has fallen into non-compliance with the ADA since that time.

A. That this Court declares that the Property owned, leased, and/or operated by Defendant is in violation of the ADA;

B. That this Court enter an Order directing Defendant to alter its Property to make it accessible to, and useable by, individuals with disabilities to the full extent required by Title III of the ADA;

C. That this Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendant to undertake and complete corrective procedures;

D. That this Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to Plaintiff; and

E. That this Court awards such other and further relief as it deems necessary, just and proper.

Date: October 06, 2023

Respectfully Submitted,

KU & MUSSMAN, P.A.
18501 Pines Blvd, Suite 209-A
Pembroke Pines, Florida 33029
Tel: (305) 891-1322
Fax: (954) 686-3976
Louis@kumussman.com

By: */s/ Louis I. Mussman*
Louis I. Mussman, Esq. (Lead Counsel)
(FL Bar # 597155)
Brian T. Ku, Esq.
(FL Bar #: 610461)